UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JACQUELINE KRETZMON,

                            Plaintiff

    vs.

                                                                                Civil Action No. 11-cv-0704

ERIE COUNTY SHERIFF'S OFFICE

                            Defendant.
_____

## MEMORANDUM OF LAW IN SUPPORT
## OF DEFENDANT ERIE COUNTY SHERIFF'S OFFICE'S
## MOTION TO DISMISS AMENDED COMPLAINT

                                        **JEREMY A. COLBY, Erie County Attorney**
                                        **And Attorney for Defendant Erie County Sheriff's Office,**
                                        **David J. Sleight, Of Counsel**
                                        **95 Franklin Street, Room 1634**
                                        **Buffalo, New York 14202**
                                        **(716) 858-2200**

## PRELIMINARY STATEMENT

Plaintiff Jacqueline Kretzmon asserts causes of action for violation of Title VII, 42 U.S.C. § 1983, and also asserts pendant State law claims. Defendant the Erie County Sheriff's Office files this motion to dismiss this action under Rule 12(b).

Plaintiff alleges, variously, that: 1) she was retaliated against and suffered adverse employment action because she engaged in past protected activity opposing discrimination; 2) she was retaliated against and suffered adverse employment action because she engaged in whistleblower activity; and, 3) Defendant breached a private settlement agreement in connection with a prior complaint of discrimination. Plaintiff's Complaint seeks both compensatory and punitive damages.

This action, or portions thereof, must be dismissed for the following independent reasons:

a. the Sheriff's Office is not an entity subject to suit;

b. Punitive damages are not recoverable against a municipality;

c. Portions of Plaintiff's claim pursuant to N.Y. Labor Law § 740 are barred by the applicable statute of limitations;

d. Plaintiff failed to comply with N.Y. Gen. Municipal Law § 50-e; and,

e. Plaintiff's retaliation claims pursuant to Title VII and § 1983 are barred by the election of remedy provisions of N.Y. Labor Law § 740.

.

**ARGUMENT**

**POINT I**

**Plaintiff's Amended Complaint Must Be Dismissed Because
The Sheriff's Office It Is Not An Entity Subject to Suit**

In <u>Cash v. County of Erie</u>, Judge Curtin held that "the Erie County Sheriff's Department is not a legal entity possessing the capacity to be sued, and the claims against it must be dismissed."[1] Likewise, in <u>Wargula v. Erie County Sheriff's Department</u>, this Court adopted Judge McCarthy's R&R, which followed <u>Cash</u> and recommended dismissing the claims against the Sheriff's Department.[2] Accordingly, all claims against the Erie County Sheriff's Department ("ECSO") must be dismissed.

**POINT II**

**Punitive Damages May Not Be Recovered Against A Municipality**

A plaintiff may not recover punitive damages against a municipal entity or municipal employees sued in their official capacities. As this Court recognized in <u>Dill v. Village of Gowanda</u>, "[p]unitive damages are not available against a municipality in a § 1983 action."[3] Accordingly, Plaintiff's punitive damages claims against Defendant the ECSO must be dismissed.

---

[1] 2007 WL 2027844, at *5-6 (W.D.N.Y. 2007).

[2] 2010 WL 376402, at *2 (W.D.N.Y. 2010) ("In New York, agencies of a municipality are not suable entities. The only proper defendant in a lawsuit against an agency of a municipality is the municipality itself, not the agency through which the municipality acted."), *accepted* by Text Order (Docket # 26) dated Mar. 9, 2010. *See also* <u>Kamholtz v. Yates County</u>, 2008 WL 5114964, at *9 (W.D.N.Y. 2008) (dismissing claims against the Yates County Sheriff's Department because it was "merely an administrative arm of the County"), *aff'd* 350 Fed. Appx. 589 (2d Cir. 2009); <u>Pierce v. Chautauqua County</u>, 2007 WL 2902954, at *3 (W.D.N.Y. 2007) (dismissing claims against Chautauqua County Sheriff's Department because it was not a separate entity subject to suit).

[3] 952 F. Supp. 989, 997 (W.D.N.Y. 1997) (citing <u>City of Newport v. Fact Concerts, Inc.</u>, 453 U.S. 247, 271 (1981)).

## POINT III

### Some Of The Acts Of Retaliation Alleged To Violate Labor Law § 740 Are Time Barred

The eighth cause of action in Plaintiff's Amended Complaint alleges that "Defendant" retaliated against her with various forms of adverse employment action as a result of her exposing the physical abuse of an inmate by several deputies. The claim is asserted pursuant to N.Y. Labor Law § 740, also known as New York's "whistleblower statute." The statute prohibits employers from taking "retaliatory personnel action" against an employee that "discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer that is in violation of law, rule or regulation which violation creates and presents a substantial and specific danger to the public health or safety… ."[4] The statute creates a private right of action for aggrieved employees that is subject to a one year statute of limitations.[5] A cause of action pursuant to the statute accrues at the time of the retaliatory personnel action.[6]

Plaintiff alleges that she engaged in whistleblower activity on January 19, 2010. Plaintiff's Amended Complaint alleges that, as a result, she suffered "at least 32" acts of retaliation that span the time period January 19, 2010 to August 19, 2011. This action was filed on August 29, 2011. Any alleged acts of retaliation that predate August 29, 2010 are, therefore, barred by the applicable statute of limitations.

## POINT IV

### Plaintiff Has Waived Her Right To Assert Retaliation Claims Pursuant to Title VII and § 1983 By Asserting A Whistleblower Claim Pursuant To N.Y. Labor Law § 740

---

[4] N.Y. Labor Law § 740(2)(a) (McKinney 2006).
[5] *Id.* at § 740(4)(a).
[6] *Id.*

New York Labor Law § 740 provides that "…the institution of an action in accordance with this section shall be deemed a waiver of the rights and remedies available under any other contract, collective bargaining agreement, law, rule or regulation or under the common law."[7] Thus, New York courts interpret the filing of action under Labor Law § 740 as an election of remedies that waives other causes of action arising out of the same facts that give rise to the claim under § 740.[8]

Plaintiff's Amended Complaint asserts retaliation claims pursuant to Title VII (first cause of action) and § 1983 (tenth cause of action) that allege the same acts of retaliation as her claim under Labor Law § 740 (eighth cause of action). Her § 1983 claim alleging a violation of her First Amendment right to free speech alleges the same the impetus for Defendant's alleged retaliatory actions (i.e. her whistleblower activity). Accordingly, Plaintiff's claims alleging retaliation pursuant Title VII and § 1983 are barred.

## POINT V

### Plaintiff's Claim Pursuant Civil Service Law § 75-b Is Barred By Failure to Comply With The Notice Of Claim Requirements of General Municipal Law § 50-e

Plaintiff's ninth cause of action asserts another retaliation claim against Defendant ECSO pursuant to New York Civil Service Law § 75-b. Claims pursuant to this statute are subject to the notice of claim requirements of New York General Municipal Law § 50-e.[9] Plaintiff never served Defendant ECSO with a notice of claim in connection with her retaliation claim pursuant

---

[7] *Id* at § 740(7).
[8] *Pipia v. Nassau County*, 34 A.D.3d 664 (2nd Dept. 2006); *Owitz v. Beth Israel Medical Center*, 1 Misc.3d 912(A) (Sup. Ct., N.Y. Co. 2004); *Feinman v. Morgan Stanley Dean Witter*, 193 Misc.2d 496 (Sup. Ct., N.Y. Co.).
[9] *Williams v. County of Nassau*, 684 F.Supp.2d 268, 295 (E.D.N.Y. 2010); *Dingle v. City of New York*, 728 F.Supp.2d 332, 348-49 (S.D.N.Y.).

to New York Civil Service Law § 75-b. Accordingly, this cause of action must be dismissed, as a matter of law.

## **CONCLUSION**

Defendant the Erie County Sheriff's Office's Motion to Dismiss under Rule 12(b) should be granted and this action dismissed for the reasons set forth above. This Court should also grant any additional relief that it deems appropriate.

Dated: October 25, 2011

> JEREMY A. COLBY, Erie County Attorney
> And Attorney for Defendant the Erie County
> Sheriff's Office, DAVID J. SLEIGHT, of counsel
>
> By: /s/ David J. Sleight
> David J. Sleight
> 95 Franklin Street, Room 1634
> Buffalo, New York  14202
> (716) 858-2200

CERTIFICATE OF SERVICE

     I hereby certify that on October 25, 2011, I electronically filed the foregoing with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

Lindy A. Korn, Esq.
Attorney for Plaintiff
535 Washington Street, 9th Floor
Buffalo, New York   14203
lkk75atty@aol.com

Charles L. Miller, II, Esq.
Attorney for Plaintiff
535 Washington Street, 9th Floor
Buffalo, New York   14203
clmiller2atty@aol.com

/s/ David J. Sleight
David J. Sleight
Assistant Erie County Attorney
95 Franklin Street, Room 1634
Buffalo, New York 14202
(716) 858-2200

7