UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JACQUELINE KRETZMON,

                Plaintiff,

vs.

ERIE COUNTY,
TIMOTHY B. HOWARD,
BRIAN D. DOYLE,                      Civil Docket No. 11-CV-0704-A
MICHAEL REARDON,
ROBERT KOCH,                        Hon. Richard J. Arcara
BARBRA LEARY,

                Defendants.

---

## MEMORANDUM OF LAW
## IN SUPPORT OF DEFENDANTS'
## MOTION TO DISMISS

                                                              GOLDBERG SEGALLA LLP
                                                              Attorneys for Defendants
                                                               Erie County, Timothy B. Howard,
                                                               Brian D. Doyle, Michael Reardon,
                                                               Robert Koch and Barbra Leary

Julie P. Apter, Esq.
Of Counsel

## PRELIMINARY STATEMENT

Plaintiff Jacqueline Kretzmon asserts seven causes of action in her Second Amended Complaint. The causes of action are for alleged violations of Title VII, 42 U.S.C.A. §1983 and pendant State Law Claims. The defendants, Erie County, Timothy B. Howard, Brian D. Doyle, Michael Reardon, Robert Koch and Barbra Leary (hereinafter referred to collectively as "County") are now filing this motion to dismiss the Second Amended Complaint under Rule 12(b)(1) and Rule 12(b)(6).

In the Second Amended Complaint, the plaintiff has sued her employer, Erie County, and fellow employees Howard, Doyle, Reardon, Koch and Leary alleging that her civil rights have been violated and she suffered adverse employment action because she engaged in past protected activity opposing discrimination, she was allegedly retaliated against and suffered adverse employment action because she engaged in whistleblower activity, and the defendants breached a private settlement agreement in connection with a prior complaint of discrimination. She seeks both compensatory and punitive damages in this respect.

The defendants maintain that the Second Amended Complaint must be dismissed for the following reasons:

    a. this Court lacks subject matter jurisdiction for failure to set forth a valid federal claim;

    b. the plaintiff has failed to set forth statutorily protected activity that forms the basis of a Title VII claim

    c. the plaintiff's may not proceed against individual defendants in her Title VII claim;

    d. the breach of contract action must be brought in State Court since there are no valid federal claims herein;

e. the breach of contract action against the individual defendants must fail as the plaintiff did not enter into a contract with said defendants;

f. New York State Labor Law §740 may not be brought against a public employer;

g. the plaintiff's claim for violation of New York State Civil Service Law §75-b must fail for failure to file a timely notice of claim;

h. the plaintiff's claim based on 42 U.S.C.A. §1983 must be dismissed based on the insufficiency of the allegations in the second amended complaint, and based on the fact that the plaintiff's alleged free speech was nothing more than her work as a police officer, and was not speech engaged in as a private citizen;

i. the plaintiff's claim against the individual defendants for alleged §1983 violations must fail since these claims are duplicative of her claims against her employer and may not be pursued against the individual defendants as pled.

## LEGAL ARGUMENT

### POINT I

### Punitive Damages May Not Be Recovered Herein

The first point that must be addressed is plaintiff's claim for punitive damages. A plaintiff may not recover punitive damages against a municipal entity or municipal employees sued in their official capacities. As this Court recognized in *Dill v. Village of Gowanda,* 952 F. Supp. 989, 997 (W.D.N.Y. 1997), "[p]unitive damages are not available against a municipality in a §1983 action."

In the matter before this Court, the plaintiff has instituted the action against a municipal entity, Erie County, as well as municipal employees. Although the caption of the complaint does not refer to the employees in their official capacities, the body of the Second Amended

Complaint refers to the employees as such. There are no allegations involving conduct of the employees outside the scope of their employment with the County of Erie. As such, they have been sued in their official capacity and are not subject to punitive damages.

## POINT II

### This Court Lacks Subject Matter Jurisdiction

As noted in the affidavit, the Second Amended Complaint is allegedly based on a prior settlement that the plaintiff entered into with the defendant Erie County. The plaintiff is alleging throughout the entire Second Amended Complaint that the terms and conditions of the settlement agreement were breached. The entire basis of her claim, even with respect to the allegations that attempt to allege federal violations, is that there existed an underlying settlement agreement, the agreement was allegedly breached and it was this breach that created her to be subjected to further retaliation.

Despite these claims of alleged "retaliation", when the Second Amended Complaint is read in its entirety, it is revealed that all the allegations involving plaintiff's alleged civil rights violations are nothing more than her claimed dissatisfaction with her work surroundings. No where in the Second Amended Complaint is plaintiff alleging that she was terminated, discharged or discriminated against based on her age, sex, race, etc. She has either complained about the alleged breach of the settlement agreement or complained about conduct of fellow employees.

The matter before this Court is clearly one of an alleged breach of contract lawsuit wherein the plaintiff claims she was forced to work with defendant Michael Reardon despite the terms of the prior settlement reached. It is the position of the defendants that the causes of action will be dismissed involving Title VII and 42 U.S.C.A. §1983. Thus, once the Court dismisses those claims, this Court will be without power to hear the pendant State Law claims and this Court will

fail to have subject matter jurisdiction herein. The law is well settled that once the underlying federal court jurisdictional claims are resolved or dismissed, the Court is within its power to decline supplemental jurisdiction (see, *Beckwith v. Erie County Water Authority et al*, 413 F.Supp.2d 214 (W.D.N.Y. 2006)).

## POINT III

### Plaintiff's Title VII Retaliation Claim Must Fail

The plaintiff's first cause of action is labeled "Retaliation in Violation of Title VII". Although the County believes that the plaintiff has failed to set forth any evidence of retaliation, the County maintains that plaintiff has failed to sufficiently plead her cause of action in the first instance. As noted in the affidavit, the alleged acts of retaliation that form the basis for plaintiff's Title VII claims are set forth in paragraph 120 of the plaintiff's Second Amended Complaint. A clear reading of this paragraph fails to note the statutorily protected activity and the adverse employment action taken, items that must be specified in a complaint based on alleged Title VII violations. The plaintiff has failed to set forth any act of discrimination alleged to have been perpetrated by the County. Although plaintiff has alleged that she filed a complaint with the New York State Division of Human Rights; she has failed to set forth the basis for that complaint other than alleging a breach of contract. Thus, her Second Amended Complaint is legally insufficient since a reading of the allegations does not lead to an understanding as to how she claims her civil rights were violated.

Additionally, under Title VII, the law prohibits plaintiff from pursuing this claim against individual defendants. Individuals may not be liable under Title VII. Thus, the plaintiff has failed to state a valid cause of action against defendants Howard, Doyle, Reardon, Koch and Leary and the First Cause of Action directed to them should be dismissed. *Falso v. Sutherland*

*Global Servs.*, 494 F. Supp. 2d 207 (W.D.N.Y. 2007); *Cooper v. Morganthau,* 99 Civ. 11946 (WHP), 2001 U.S. District LEXIS 10904 (July 31, 2001).

## POINT IV

### The Plaintiff's Causes of Action alleging Breach of Contract are Pure State Claims

Plaintiff's second cause of action is for breach of contract. This is a State claim that must be addressed by the courts of the State of New York, or, alternatively, pursued by the plaintiff through the required grievance procedures that are part of her collective bargaining rights. It is the position of the County that the plaintiff cannot pursue a State claim in federal court without an underlying, valid federal claim that would enable this Court to accept jurisdiction.

The settlement agreement that is the subject of this lawsuit provides that any dispute arising out of the construction of said agreement is to be instituted in the Court of the State of New York in the Supreme Court of the County of Erie (see Exhibit B to affidavit of Julie P. Apter, paragraph 14). As the plaintiff has failed to proceed in the proper venue and has failed to establish a valid, underlying fact based federal jurisdiction claim in order to allow this court to exercise supplemental jurisdiction for the state based breach of contract cause of action.

Likewise, the third cause of action, for breach of contract against the individual defendants, should also be dismissed for the reasons set forth above regarding the lack of subject jurisdiction involving the breach of contract claim. It is also the position of the County and the individual defendants that the breach of contract action instituted against the individual defendants is improper for the reason that the defendants were not parties to the settlement agreement. There can be no individual liability for a contract entered into between a municipality and an employee. Since the plaintiff has failed to allege any personal acts engaged in by the defendants that would hold them responsible for the acts complained of and she has further failed to establish a nexus between herself and the individual defendants for the

settlement reached in the underlying matter, the plaintiff cannot seek recourse against the individual defendants for any alleged breach that may have occurred.

## POINT V

### New York State Labor Law §740 Cannot Be Applied to Public Employers

The plaintiff's fourth cause of action is based upon the New York "whistleblower statute". This statute, New York State Labor Law §740 creates a private cause of action *against private employers* for aggrieved employees that is subject to the one year statute of limitations. Despite the issue of the statute of limitations that will be addressed below, it is the position of the County that New York State Labor Law §740 is inapplicable since it does not apply to public employers.

This Cause of Action must fail in the first instance since it has been brought against a public employer. The Labor Law §740 statute is known as the "Whistleblower Statute". Since the plaintiff is a public employee and the County is clearly her public employer, her "whistleblower" claims may only be pursued through the protection afforded by Civil Service Law §75-b. *Ryan v. New York City Dep't of Educ.*, 2011 U.S. Dist. LEXIS 118352 (E.D.N.Y. 2011). As the Court stated in *Ryan*, "*section 740* does not apply to public employers; rather, public employers are covered by *New York Civil Service Law § 75-b*." E.g. *DiBiase v. Barber, No. 06-CV-5355, 2008 U.S. Dist. LEXIS 75664, 2008 WL 4455601, at *5 (E.D.N.Y. Sept. 30, 2008)*. Thus, this Court clearly does not have subject matter jurisdiction over plaintiff's Fourth Cause of Action and this Cause of Action should be dismissed in its entirety.

Should this Court determine that the Labor Law §740 statute may survive, however, then it is the position of the County that the one year statute of limitations bars any alleged acts of retaliation that predate the one year statute of limitations in relation to the filing date of the original summons and complaint, i.e. August 29, 2011.

## POINT VI

### Failure to Comply with Notice of Claim Requirements relative to the Civil Service Law §75-b Cause of Action

It is the position of the County that the plaintiff's Fifth Cause of Action must be stricken, as a matter for law, for plaintiff's failure to file a timely notice of claim as required under New York General Municipal Law §50-e. Plaintiff's fourth cause of action asserts a retaliation claim pursuant to New York Civil Service Law §75-b. Claims pursuant to this statute are subject to the notice of claim requirements of New York General Municipal Law §50-e. The plaintiff has argued, in a prior motion, that §50-e is only applicable to tort claims. This argument, however, must fail. The Fourth Department has held that a notice of claim is required to be filed against a public employer for a claim based on retaliation under Civil Service Law §75-b. See, *Palmer v. Niagara Frontier Transportation Authority,* 56 A.D.3d 1245, 867 N.Y.S.2d 318 (4th Dept. 2008).

More importantly, federal courts have also followed the rule that a notice of claim must be served in order to proceed with a claim under Civil Service Law §75-b. In *Williams v. County of Naussau,* 684 F.Supp.2d 268 (E.D.N.Y. 2010), the Court held that General Municipal Law §50-e requires the plaintiff to file a notice of claim within ninety days after the claim arises, and New York County Law §52 *requires* the service of a notice of claim for any claim including a claim for invasion of personal or property rights, of 'every name and nature'. See also, *Dingle v. City of New York,* 728 F.Supp.2d 332 (S.D.N.Y. 2010).

Clearly, the plaintiff's failure to file a notice of claim is fatal to her Fifth Cause of Action. Accordingly, the Fifth Cause of Action may not be maintained and should be dismissed herein.

## POINT VII

### The Allegations are Insufficient to Plead 42 U.S.C.A. §1983

The Sixth Cause of Action alleging a violation of plaintiff's civil rights under 42 U.S.C.A. §1983 must also be dismissed based on the insufficiency of plaintiff's second amended

complaint. The plaintiff has failed to plead an official custom or policy that was engaged in by the County that is alleged to have violated her 42 U.S.C.A. §1983 rights. Her failure to properly plead the violation is a fatal error that must result in a dismissal of her 1983 claim.

In addition to failing to set forth the policy or custom of the County that was engaged inm her claim must also fail since the alleged "free speech" that she claims is protected under 42 U.S.C.A. §1983 is nothing more than speech related to her job function and is not speech related to her role as a private citizen. The Second Circuit has recognized that speech made by public safety officer as part of his/her public duties is not speech protected by the First Amendment. *Brady v. County of Suffolk*, 657 F. Supp. 2d 331 (E.D.N.Y. 2009).

## POINT VIII

### The Individual Defendants are entitled to a Qualified Immunity

All the causes of action involving the individually named defendants, including the Seventh Cause of Action, must fail based upon a qualified immunity enjoyed by said individual defendants. In addition, the plaintiff's claim against three individual defendants Howard, Doyle and Koch alleging a §1983 violation for alleged violation of her "free speech" and the alleged retaliation that resulted must also be dismissed.

The qualified immunity defense is a doctrine that reflects an attempt to balance "not only the importance of a damage remedy to protect the rights of citizens, but also the need to protect officials who are required to exercise discretion and the related public interest in encouraging the vigorous exercise of official authority." *Harlow v. Fitzgerald*, 457 U.S. 800, 807, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). In this respect, courts have found that actions brought against individuals in their official capacity are duplicative of the action brought against an employer, and, as such, the individuals are immune from personal liability. See, *Muhammad v. City of Peekskill*, 2008 U.S. Dist. LEXIS 76894 (S.D.N.Y. 2008).

It is for the reason that a clear reading of plaintiff's Second Amended Complaint as it concerns the individual defendants reveals that the plaintiff has alleged her dissatisfaction with the actions of said defendants during the course of the work day and as a result of their official work duties that she is seeking recourse. She has failed to allege that these individuals usurp their "authority" in any manner and for this reason, the individual defendants should be dismissed from this lawsuit. Any claim based on alleged 1983 violations must be directed to the employer directly, and not to the individual defendants. This Court has already ruled that claims against individual defendants in their official capacities are merely another way of asserting a claim against the governmental entity that employs the plaintiff. As such, those causes of action must be dismissed as a matter of law. See, *Beckwith v. Erie County Water Authority,* 413 F. Supp.2d 214 (W.D.N.Y. 2005).

Additionally, the Seventh Cause of Action brought against the individual defendants is, again, nothing more than her dissatisfaction with her work and she has failed to establish that her free speech as a private citizen was deprived. As noted above, the plaintiff's claim for violation of her free speech involves speech engaged in during the course of her employment. She has failed to allege that the speech was violated as a "private citizen". Accordingly, the Seventh Cause of Action must also fail. See, *Brady, Id.*

Last, the Seventh Cause of Action must also fail for the defense of insufficient pleading. To state a claim against individual defendants under Section 1983, the plaintiff must allege: (1) that the allegedly unconstitutional conduct was attributable to someone acting under the color of state law that this conduct deprived her of a right, privilege or immunity secured by the Constitution or laws of the United States. <u>Rand v. Perales, 737 F.2d 257, 260 (2d Cir. 1984).</u> In this matter, the plaintiff's second amended complaint fails to specify the individual defendants' acts that are alleged to have violated her rights, and she has further failed to set forth how each

individual allegedly deprived her of her rights, privileges, etc. Accordingly, the Seventh Cause of Action fails to set forth sufficient allegations to hold the individual defendants liable and this cause of action should be dismissed as a matter of law.

## Conclusion

A clear reading of the plaintiff's Second Amended Complaint reveals that she was merely dissatisfied with her everyday work surroundings, disputed every order that was given to her and is attempting to hide her "dissatisfaction" by alleging federal court jurisdictional claims that are not based on the facts submitted to this Court. The plaintiff has clearly failed to set forth a valid retaliation claim to support her Title VII cause of action. Likewise, she has failed to allege a valid 42 U.S.C.A. §1983 claim by failing to demonstrate that her "free speech" was engaged in as a private citizen (see Second Circuit decision, *Skehan v. Village of Mamaroneck*, 465 F.3d 96 (2d Cir. 2006); see also *Brady v. County of Suffolk* et al, 657 F. Supp2d 331 (E.D.N.Y. 2009).

Based upon her failure to plead a valid federal based cause of action, the remaining State pendant claims may not proceed herein. Accordingly, for the reasons set forth herein, the defendants Erie County, Timothy B. Howard, Brian D. Doyle, Michael Reardon, Robert Koch and Barbra Leary respectfully request that this Court dismiss the Second Amended Complaint as against them in its entirety.

DATED: May 29, 2012

GOLDBERG SEGALLA LLP.

By:   *s/ Julie P. Apter*
     Julie P. Apter, Esq.
     *Attorneys for Defendants*
     665 Main Street, Suite 400
     Buffalo, New York 14203
     (716) 566-5458
     japter@goldbergsegalla.com