UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JACQUELINE KRETZMON,

          Plaintiff,

vs.

ERIE COUNTY,
TIMOTHY B. HOWARD,
BRIAN D. DOYLE,
MICHAEL REARDON,
ROBERT KOCH,
BARBRA LEARY,

          Defendants.

**Civil Docket No. 11-CV-0704-A**

**Hon. Richard J. Arcara**

---

## REPLY MEMORANDUM OF LAW
## IN SUPPORT OF DEFENDANTS'
## MOTION TO DISMISS

**GOLDBERG SEGALLA LLP**
**Attorneys for Defendants**
**Erie County, Timothy B. Howard,**
**Brian D. Doyle, Michael Reardon,**
**Robert Koch and Barbra Leary**

**Julie P. Apter, Esq.**
**Of Counsel**

## PRELIMINARY STATEMENT

This reply memorandum is being submitted in response to the plaintiff's Memorandum of Law in Opposition to Defendant's Second Motion to Dismiss.  In addition to responding the arguments set forth by the plaintiff, the defendants (collectively referred to as "County"), wish to bring to the Court's attention a clerical error that was made in the County's motion papers.

When the original motion was served, it referred to seven causes of action in plaintiff's complaint.  This was the complaint provided to counsel.  The actual Second Amended Complaint filed, however, only contained six causes of action (the original third cause of action alleging a breach of contract against the individual defendants was withdrawn).  Thus, the Court advised counsel for the County that the Motion to Dismiss the Second Amended Complaint did not have to be revised and re-filed.  Merely, the Court would consider the argument regarding the "breach of contract" set forth in the third cause of action moot, as that cause of action was withdrawn, and would address the remaining causes of action based on the legal argument submitted.

The Plaintiff Jacqueline Kretzmon has therefore asserted six causes of action in her Second Amended Complaint.  The causes of action are for alleged violations of Title VII, 42 U.S.C.A. §1983 and pendant State Law Claims.  The defendants, Erie County, Timothy B. Howard, Brian D. Doyle, Michael Reardon, Robert Koch and Barbra Leary (hereinafter referred to collectively as "County") will reply to plaintiff's arguments in opposition to the motion to dismiss the Second Amended Complaint under Rule 12(b)(1) and Rule 12(b)(6).

The Plaintiff is first opposing the motion to dismiss the Second Amended Complaint by asserting that this is a "second" motion to dismiss.   The plaintiff is incorrect in her representation to this Court.   The plaintiff first served a Summons and Complaint, as noted on the Court docket, on August 26, 2011.  In response to that Summons and Complaint, a motion to

dismiss was filed by the defendants.   In response to that Motion to Dismiss, the plaintiff served an Amended Complaint.   The motion to dismiss was never addressed by the Court due to the filing of the Amended Complaint.

The Amended Complaint again only named the "Erie County Sheriff's Office" as a party defendant.   The plaintiff apparently intended to name individual defendants as well as Erie County as the proper parties in that action; however, the plaintiff failed to do so.   Thus, defendant Erie County Sheriff's Department again moved to dismiss.

Instead of receiving a decision in the motion to dismiss, the plaintiff *again* amended the complaint.   This brings us to the complaint at issue herein, i.e. the Second Amended Complaint. The Second Amended Complaint names all *new* party defendants that were not involved with the two prior complaints.   Thus, the motion to dismiss that is now being addressed is a "new" motion to dismiss and is not in violation of F.R.C.P. 12(g).   Not only have the two previous motions never been decided by this Court, but the defendants have never had an opportunity to pursue the motion to dismiss since they were not parties involved in any prior action.   The action before this Court, although entitled "Second Amended Complaint", is, for all intent and purposes, a brand new action involving new parties and claims that have not been addressed nor decided previously.   With that being said, the following legal points are in reply to the remainder of the arguments set forth by the plaintiff herein.

## LEGAL ARGUMENT

### POINT I

#### Punitive Damages May Not Be Recovered Herein

The plaintiff has conceded that the punitive damages are not recoverable against a State entity and/or official.   She merely argues that the officers were also sued in their individual capacity and, as such, are subject to punitive damages.   The County opposes this argument for

the reason that a clear reading of the entire Second Amended Complaint reveals that all of plaintiff's complaints against the individual defendants involve the manner they conducted their official business with the County.   In addition, the law is well settled that individual defendants are not subject to claims under §1983 claims [see, *Beckwith v. Erie County Water Authority, 413 F. Supp2d 2124 (W.D.N.Y. 2205)*] and/or Title VII claims [see*, Tomka v. Seiler Corp., 66. F.3d 1295 (2d Cir., 1995); Yaba v. Cadwalader, Wickersham & Taft, et al., 896 F.Supp. 352 (S.D.N.Y. 199)]).*   Thus, for plaintiff to be able to pursue punitive damages in the first instance, she must pursue a valid claim allowing such damages against individual defendants.   Since there are no valid causes of action instituted against the defendants in their individual capacity, the claim for damages must be dismissed.

## POINT II

### This Court Lacks Subject Matter Jurisdiction

The plaintiff's argument regarding the lack of subject matter jurisdiction does not sufficiently state how she has properly alleged Title VII and/or 1983 claims.   She merely refers to her New York State Division of Human Rights Complaint.    As noted previously in the original Memorandum of Law in support of the Motion to Dismiss, when the Second Amended Complaint is read in its entirety, it is revealed that all the allegations involving plaintiff's alleged civil rights violations are nothing more than her claimed dissatisfaction with her work surroundings.    Further, as previously noted, there is no allegation anywhere in the Second Amended Complaint wherein she is alleging that she was terminated, discharged or discriminated against based on her age, sex, race, etc.

The matter before this Court is clearly one of an alleged breach of contract lawsuit wherein the plaintiff claims she was forced to work with defendant Michael Reardon despite the terms of the prior settlement reached.   It is the position of the defendants that the causes of action

will be dismissed involving Title VII and 42 U.S.C.A. §1983.  Thus, once the Court dismisses those claims, this Court will be without power to hear the pendant State Law claims and this Court will fail to have subject matter jurisdiction herein.  The law is well settled that once the underlying federal court jurisdictional claims are resolved or dismissed, the Court is within its power to decline supplemental jurisdiction (see, *Beckwith v. Erie County Water Authority et al,* 413 F.Supp.2d 214 (W.D.N.Y. 2006)).

### POINT III

### Plaintiff's Title VII Retaliation Claim Must Fail

The plaintiff also merely argued that her Title VII Retaliation claim is sufficient based on the allegations raised in the State Division of Human Rights Complaint.  As noted above, a reading of the Complaint must state all grounds for discrimination and/or retaliation.  Plaintiff's complaint has failed set forth those claimed events involving discrimination and/or retaliation.  Thus, any claims raised involving Title VII retaliation must fail in the first instance and should be dismissed herein.

The plaintiff has also failed to address her position regarding Title VII claims against the individual defendants.  As noted previously, under Title VII, the law prohibits plaintiff from pursuing this claim against individual defendants.  Individuals may not be liable under Title VII.  Thus, the plaintiff has failed to state a valid cause of action against defendants Howard, Doyle, Reardon, Koch and Leary and the First Cause of Action directed to them should be dismissed.  *Falso v. Sutherland Global Servs.,* 494 F. Supp. 2d 207 (W.D.N.Y. 2007); *Cooper v. Morganthau,* 99 Civ. 11946 (WHP), 2001 U.S. District LEXIS 10904 (July 31, 2001).

## POINT IV

### The Plaintiff's Causes of Action alleging Breach of Contract are Pure State Claims

Plaintiff's argument in Point IV states that the arguments raised involving the breach of contract action were not raised involving the §740 or §75 arguments.  The County did not want to be duplicative and addressed the §740 and §75 arguments later in the brief, as acknowledged by the plaintiff.  In addition, the plaintiff has conceded that the breach of contract action is a pure state claim; thus, should this Court determine that the plaintiff has failed to allege the necessary allegations to proceed with a Title VII or §1983 claim, then the breach of contract matter should not be addressed at this time..

Plaintiff is also arguing in Point IV that individual liability applies under the breach of *contract claim*.  However, the case cited by plaintiff, *Murtha* v. Yonkers Child Care Ass'n, Inc. stands for the opposite position, i.e. "A director of a corporation is not personally liable to one who has contracted with the corporation on the theory of inducing a breach of contract, merely due to the fact that, while acting for the corporation, he has made decisions and taken steps that resulted in the corporation's promise being broken. A corporate officer who is charged with inducing the breach of a contract between the corporation and a third party is immune from liability if it appears that he is acting in good faith as an officer and did not commit independent torts or predatory acts directed at another." See, *Murtha, 45 N.Y.2d 913 (1978)*.

Reading the Court of Appeals decision in *Murtha* makes it clear that plaintiff has failed to raise sufficient facts to hold the individual defendants responsible in this matter.  In addition, the case law cited by plaintiff is irrelevant to the matter herein.  In those cases, the issues before the Courts involve employment contracts, i.e. contracts entered into directly between the individuals and the employer.  We are dealing with a "settlement agreement", not an employment contract. There have been no allegations raised that the individual defendants were made a party to the

settlement agreement reached.   Thus, any claim for breach of contract must fail in the first instance.

## POINT V

### New York State Labor Law §740 Cannot Be Applied to Public Employers

The plaintiff has failed to set forth a legal basis to allow this Court to decide a claim based on the New York State Labor Law, §740.  The plaintiff is merely advising this Court what the definition of employer is.  The plaintiff has failed to address the County's rightful position that it is a public employer and, as such, any claims brought under the "whistleblower statute" may only be pursued through Civil Service Law §75-b. *Ryan v. New York City Dep't of Educ.*, 2011 U.S. Dist. LEXIS 118352 (E.D.N.Y. 2011).  As the Court stated in *Ryan,* "*section 740 does not apply to public employers; rather, public employers are covered by New York Civil Service Law § 75-b.*" *E.g. DiBiase v. Barber, No. 06-CV-5355, 2008 U.S. Dist. LEXIS 75664, 2008 WL 4455601, at \*5 (E.D.N.Y. Sept. 30, 2008).*   Thus, this Court clearly does not have subject matter jurisdiction over plaintiff's Fourth Cause of Action and this Cause of Action should be dismissed in its entirety.

## POINT VI

### Failure to Comply with Notice of Claim Requirements relative to the Civil Service Law §75-b Cause of Action

The County takes exception with the argument set forth by the plaintiff that Point VI is "moot" and previously decided.  Fist and foremost, as noted in the preliminary statement, this Court has not decided any previous motions to dismiss and there are no court orders documenting any decision.  Second, as previously stated, a timely notice of claim is required under New York General Municipal Law §50-e.  Claims based on "retaliation" are subject to the notice of claim requirements of New York General Municipal Law §50-e.    The plaintiff is

arguing that §50-e is only applicable to tort claims.  This argument, however, must fail.   The Fourth Department has held that a notice of claim is required to be filed against a public employer for a claim based on retaliation under Civil Service Law §75-b.  See, *Palmer v. Niagara Frontier Transportation Authority,* 56 A.D.3d 1245, 867 N.Y.S.2d 318 (4th Dept. 2008).

Additionally, federal courts have also followed the rule that a notice of claim must be served in order to proceed with a claim under Civil Service Law §75-b.  In *Williams v. County of Naussau,* 684 F.Supp.2d 268 (E.D.N.Y. 2010), the Court held that General Municipal Law §50-e requires the plaintiff to file a notice of claim within ninety days after the claim arises, and New York County Law §52 *requires* the service of a notice of claim for any claim including a claim for invasion of personal or property rights, of 'every name and nature'.  See also, *Dingle v. City of New York,* 728 F.Supp.2d 332 (S.D.N.Y. 2010).

The only argument that the plaintiff is making to support her position is that a notice of claim is not required when a plaintiff seeks to vindicate a public interest.  A clear reading of the complaint herein reveals that a public interest right is not being addressed; the causes of action are all personal in nature and are pursued based on what the plaintiff believes is a breach of a prior settlement agreement reached.  Said "settlement agreement" was directed to her solely, as an employee of the County.  It was not directed to vindicate any public rights.

## POINT VII

### The Allegations are Insufficient to Plead 42 U.S.C.A. §1983

The plaintiff is claiming as "absurd" the position of the County that the plaintiff's Second Amended Complaint fails to raise allegations sufficient to plead a 42 U.S.C.A. 1983 cause of action.  Despite raising this as absurd, she has failed to point out what the official custom or policy was that was in engaged in by the County. Her failure to properly plead the violation with specific particularity is a fatal error that must result in a dismissal of her 1983 claim.

In addition to failing to set forth the policy or custom of the County that was engaged in, the plaintiff has also failed to address how her "free speech" was violated as a "private citizen". She merely argues that an "announcement" made at a staff meeting could be "inferred" by a jury to constitute a retaliatory event. She has failed to state how her allegations involving the public at large and, more importantly, how her comments were made outside of her scope of employment with the County. Again, as noted previously, the Second Circuit has recognized that speech made by public safety officer as part of his/her public duties is not the type of speech that would give the plaintiff protection under the First Amendment. *Brady v. County of Suffolk*, 657 F. Supp. 2d 331 (E.D.N.Y. 2009).

## POINT VIII

### The Individual Defendants are entitled to a Qualified Immunity

As noted previously, all the causes of action involving the individually named defendants, including the Seventh Cause of Action, must fail based upon a qualified immunity enjoyed by said individual defendants. In addition, the plaintiff's claim against three individual defendants Howard, Doyle and Koch alleging a §1983 violation for alleged violation of her "free speech" and the alleged retaliation that resulted must also be dismissed. The plaintiff has failed to set forth any case law supporting her position that qualified immunity does not apply except to argue that should it be found that the officers engaged in "illegal" conduct, qualified immunity is not an appropriate defense.

The plaintiff has failed to allege how the individual defendants usurped their "authority" in any manner. To state a claim against individual defendants under Section 1983, the plaintiff must allege that the allegedly unconstitutional conduct was attributable to someone acting under the color of state law and that this conduct deprived her of a right, privilege or immunity secured by the Constitution or laws of the United States. *Rand v. Perales*, 737 F.2d 257, 260 (2d Cir.

1984).   In this matter, the plaintiff's second amended complaint fails to specify the individual defendants' acts that are alleged to have violated her rights, and she has further failed to set forth how each individual allegedly deprived her of her rights, privileges, etc.

### Conclusion

For the reasons set forth in the Notice of Motion to Dismiss the Second Amended Summons and Complaint, the Memorandum of Law in Support of the Motion to Dismiss and the Reply Memorandum herein, the defendants respectfully seek an Order of this Court dismissing the Second Amended Complaint in its entirety

DATED:  July 31, 2012
        Buffalo, New York

GOLDBERG SEGALLA LLP

By:    s/ Julie P. Apter
        Julie P. Apter, Esq.
        *Attorneys for Defendants*
        665 Main Street, Suite 400
        Buffalo, New York 14203
        (716) 566-5458
        japter@goldbergsegalla.com